CASE 41—PETITION ORDINARY—MARCH 27.

# Oneil v. Harkins.

APPEAL FROM KENTON CIRCUIT COURT.

LATERAL SUPPORT.—The owner of land adjacent to the land of another has no right to remove the earth, and thus withdraw the natural support of his neighbor's soil; and if he does, he is liable for damages and may be restrained by injunction. This doctrine is strictly confined to those cases in which the owner of land has not by building or otherwise increased the lateral pressure upon the adjoining soil. (2 Hilliard on Torts, pages 152, 153; Farrand v. Marshall, 19 Barbour, 380.)

An ordinary fence is not such a structure as will by reason of the additional weight it may add to the soil deprive the owner of the right to recover for loss or injury to his realty.

Whether a privy-vault and frame building over it increased the weight or pressure in this case was a fact for the determination of the jury.

Oneil v. Harkins.

STEVENSON & MYERS, . . . . . . . . For Appellant,

CITED

Revised Statutes, Myers's Supplement, 272.
Revised Statutes, 2 Stanton, 48.
Washburn on Easements, pages 440–9.
1 Eng. L. & E. Rep. 241, Humphreys v. Bragdon.
2 Allen (Mass.) 131, Foley v. Wythe.
4 Paige, 169, Lasala v. Holbrook.
12 Massachusetts, 226, Thurston v. Hancock.
19 Barbour, 380, Farrand v. Marshall.
21 Barbour, 409, Farrand v. Marshall.

JOHN F. AND CHAS. H. FISK, . . . . . For Appellee,

CITED

Washburn on Easements and Servitudes, sec. 1, pp. 512–20.
Comstock, 159, Redcliffe v. Major.
8 B. Monroe, 453, Shreve v. Stokes.
2 Rolle, Wilde v. Muisterly.
4 Paige, 169, Lasala v. Holbrook.
3 B. & A. 871, Wyatt v. Harrison.
12 Massachusetts, 220, Thurston v. Hancock.
12 Q. B. 739, Humphries v. Bragdon.
19 Barbour, 380, Farrand v. Marshall.
25 Vermont, 465, Richardson v. Vermont Central R. R. Co.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

Bullock Street, in the city of Covington, skirts the base of a hill. Western Row runs parallel to said street along the side of the hill, at a distance of one hundred and seventy feet, and at an elevation of about forty feet. Oneil owns a lot fronting on Western Row twenty-five feet, and running back half way to Bullock Street. Harkins owns a lot fronting fifty feet on the last-named street, and running back to and abutting on the rear of the lot owned by Oneil. Along the line dividing the two lots a common board fence was erected some years since. We may safely assume that it was built by Oneil. Near the south-east corner of his lot, and within a few feet of the line of Harkins's lot, Oneil sunk a privy-vault, walled it up with stone and plank, and built over it a light frame house.

In the year 1869 Harkins began grading his lot down to, or near to, a level with Bullock Street. When he had approximated the dividing line between his own and the lot of Oneil the depth of the excavation was about twenty-two feet. Oneil declining to take steps to protect his lot, or to assist in the erection of a wall to support it, Harkins built a stone wall across the end of his own lot and about one half the height of the excavation. A considerable portion of the lower end of Oneil's lot, being deprived of the support of the earth removed by Harkins, slipped over into the excavation, carrying with it the fence and privy; and to recover damages for the injury thereby sustained Oneil brought this action. A trial resulted in a judgment in favor of Harkins, to reverse which Oneil prosecutes this appeal.

The right of a land-owner to the lateral support of the adjoining soil has been much discussed by both the English and American courts; and we think the principles governing such rights are now well established and clearly and definitely settled.

The doctrine is that the owner of land adjacent to the lands of another has no right to remove the earth and thus withdraw the natural support of his neighbor's soil; and if he does he is liable for damages, and may be restrained by injunction. This doctrine is, however, strictly confined to those cases in which the owner of land has not, by building or otherwise, increased the lateral pressure upon the adjoining soil. (2 Hilliard on Torts, pp. 152–3; Farrand v. Marshall, 19 Barbour, 380.) The right to this lateral support, so long as the owner adds no additional weight to his land, "stands on natural justice, and is essential to the protection and enjoyment of property in soil. . . . It is a right of property passing with the soil." (1 Eng. Law and Equity Rep. 241.)

But it is equally well settled that a land-owner can not, by changing the natural condition of his soil, take away from his

neighbor the right to the use and enjoyment of his land to the full extent that he might have enjoyed it had no such change been made; and if he does he can not recover damages for any injury he may sustain by reason of the exercise by his neighbor of any of his original rights, unless they be exercised in an unskillful, careless, or negligent manner, or unless, being reasonably certain that injury would result from his acts, such neighbor failed to apprise him of his intention, or to afford him an opportunity to use proper preventives. (Shreve v. Stokes, 8 B. Mon. 453; Trouver v. Chadwick, 3 Bing. 334.)

In this case there is one question which has not heretofore been directly settled; whether an ordinary fence is such a structure as will, by reason of the additional weight it may add to the soil, deprive the owner of the right to recover for loss or injury to his realty, unless it can be made to appear that his neighbor in making the excavation was guilty either of negligence or unskillfulness, or that the excavation was made to an unusual or unreasonable depth, or that reasonable and proper notice was not given to the party injured?

It has always been the policy of our law to encourage land-owners to inclose their lands. This court is disinclined, in the settlement of a new question, to establish a doctrine the result of which will be, to some extent, to interfere with or thwart this long-established policy. We are of opinion that an ordinary fence, such as that shown by the proof in this case to have been built by Oneil, is not to be regarded as a structure adding additional weight to his land, or increasing the lateral pressure upon the land of Harkins. In this conclusion we are to some extent sustained by the Supreme Court of New York, in the opinion delivered in the case of Farrand v. Marshall (21 Barbour, 409), in which the right of the complainant to have the fences erected along the exterior lines of his lot protected was upheld. The question, however, was not directly presented nor discussed.

Oneil v. Harkins.

As to whether or not the privy did in point of fact increase the weight or pressure the witnesses differed in opinion, and that fact should have been left to the determination of the jury.

The instructions of the court, given at the instance of the appellee, do not conform to this view of the law. Instruction No. 5 deprived the appellant of the right to recover in case the jury believed he had placed any weight or structure upon his land, and that the slide would not have occurred except for the presence of such weight or structure. The fence was evidently intended to be embraced by the terms weight or structure.

Instruction No. 7 assumes that the privy and fence increased the weight upon the natural soil. The jury should have been allowed to determine as to whether or not the privy did increase such weight; and, as before stated, the weight of the fence should not have been considered at all.

For these reasons the judgment of the circuit court is reversed, and the cause remanded for a new trial upon principles consistent with this opinion.