HARRIET M. TROWBRIDGE *vs.* WILLIAM D. TRUE AND WIFE.

The right to lateral support is an incident of the ownership of land, and its infringement is a nuisance against which equity will ordinarily enjoin.

In these cases equity assumes jurisdiction on account of the nature of the injury rather than of the magnitude of the damage done.

Under the Practice Act it is necessary that all objections to a complaint should be taken advantage of by demurrer.

It was intended that every matter that is preliminary in its character and that can be reached by preliminary objections, should be brought to the attention of the court and disposed of before the trial of the case upon its merits.

The facts on which both legal and equitable relief is sought under the act, may be presented by a single count.

[Argued May 27th—decided July 22d, 1884.]

SUIT for an injunction and damages; brought to the Court of Common Pleas and tried to the court before *Mather, J.* The following facts were found by the court:—

The plaintiff has been the owner of the tract of land described as belonging to her in the complaint, since July 29th, 1880. For a period of six years prior to that date the defendant, Elfreda True, was, and ever since has been, the owner of the tract of land described as belonging to her in the complaint; and ever since her ownership the defendant, William D. True, her husband, has carried on the business of manufacturing cement pipe on the premises, and the material to manufacture the pipe has been taken therefrom. This material is difficult to obtain, and the soil on Mrs. True's land is of excellent quality for the purpose.

The manner in which this material has been removed by William True, in the prosecution of the business, has been, to excavate from the rear towards the front of the premises to the depth of fifteen feet; the various strata of sand and gravel would in that way be removed; and, when excavated, they were screened, and the material too coarse to be used in making cement pipe thrown back next to the land of the

plaintiff, and to some extent it formed a lateral support in lieu of the earth removed.

The distance from the corner of the defendant's lot on Coit street by the land of the plaintiff to the south end of an offset bank wall twenty-five feet long, built by the plaintiff, where the defendants had excavated prior to the summer of 1881, adjoining the plaintiff's land, is eighty-two feet; and the distance of the line of excavation made since the 29th of July, 1880, adjoining the plaintiff's land from the south end of the wall, is about forty feet.

In the summer of 1881 William True dug and removed the soil on the tract belonging to his wife to the depth of fifteen feet, so near to the adjoining land of the plaintiff as to remove its lateral support and cause the plaintiff's soil to fall, of its own weight, into the excavation to an extent on the surface of about one foot wide and five feet long; and in the summer of 1882, the plaintiff's soil, owing to the excavations of the defendants, weakened, caved and fell into the excavation so made, to an extent on the surface of one foot wide and about five feet long, and in crescent shape. The excavations were not made with any malicious intent.

It was and is the intention of the defendant, William True, to continue to excavate on the land of his wife in the manner that he has heretofore done, if permitted, to Coit street—a distance of about forty-two feet.

The character of the soil on the plaintiff's land is such that when deprived of its lateral support it eventually finds repose at an angle of forty-five degrees. The act of digging and removing the soil, as the defendant, William True, has done, and intends to do, if permitted, at a less angle, in thus depriving the land of the plaintiff of its lateral support, renders it liable to fall into the excavation so made, and thus cause irreparable injury to the land of the plaintiff, for which she has no adequate remedy at law.

The defendants objected to the admission of the evidence offered by the plaintiff, of damage done by them, for the purpose of laying the foundation for the recovery of dam-

ages in the suit, but the court overruled the objection and admitted the evidence.

The defendants claimed, and asked the court to rule, that the plaintiff could not recover damages in this suit; but the court did not so rule.

The defendants also claimed and asked the court to rule, that the plaintiff was not entitled to the equitable relief prayed for, and that the complaint should be dismissed, but the court did not so rule.

Upon these facts the court passed the following decree: That the defendants, and their workmen, servants and agents, under a penalty of $500, be and hereby are strictly commanded and enjoined henceforth to desist absolutely from digging and removing the soil and gravel between the plaintiff's land, described in said complaint, and a line drawn in an angle of forty-five degrees from the plaintiff's west line, at the surface, into the defendant's land, unless at the time the defendants dig and remove the soil within said anglé they provide a sufficient artificial support for the plaintiff's land equal to the lateral support which the plaintiff's land requires in the neighboring soil of the defendants to prevent it from falling of its own weight.

The defendants appealed to this court.

*S. Lucas*, for the appellants.

1. It was admitted by the pleadings that Mrs. True was the owner of the lot of land lying west of and joining the land of the plaintiff. All the other allegations, so far as they relate to Mrs. True, are not found to be true. It only appears then that she is simply the owner of adjoining land, and that her husband had been and was digging on her land, and it is for those acts of her husband that a joint judgment was rendered against him and her for damages and costs and she and her husband enjoined from digging on her own land. It is difficult to see upon what principle such a judgment can be sustained, unless it be upon the theory that husband and wife are one; but we are not aware that this is true to the extent that a wife is liable for all

the torts of her husband. There is manifest error in the judgment complained of so far as it relates to Mrs. True.

2. On the trial the defendants objected to the admission of the evidence offered of damage done by the defendants for the purpose of laying the foundation for the recovery of damages, and asked the court to rule that the plaintiff could not recover damages in this suit; but the court overruled the objection and rendered judgment for damages. The complaint contains but one count, and the last paragraph states that " the plaintiff has no adequate remedy at law." Before the passage of the Practice Act the plaintiff would have had to bring a petition in equity to have the defendants enjoined and an action on the case for damages done to the land the year before. The former could have been heard only by the court. In the other the defendants would have had the right to a jury trial. It is submitted that legal and equitable actions cannot be mixed up in a complaint in this way, most certainly not in one count. If the case had been put to the jury relative to the question whether any damage had been done and how much, what would have been the method of procedure? We are aware of no principle or authority upon which such a complaint can be sustained. If there had been two counts, one setting forth the equitable cause of action and the other the legal, it would have been a fatal misjoinder. The plaintiffs might with the same propriety have inserted in the complaint a count for slandering the plaintiff's title to her land the year before.

3. There is no allegation, nor is it found, that either of the defendants is not able to pay any damage that would have been done to the land of the plaintiff by the digging. Neither is there any allegation, nor is it found, that any peculiar injury would result to the land of the plaintiff by reason of its locality or the use it is or may be put to. The excavating was carried on by Mr. True in the prosecution of his business. Such was the case when the plaintiff purchased the adjoining land. The material with which to carry on that business is difficult to obtain and that which we are

enjoined from taking is of excellent quality. The excavation was not being made with any malicious intent, but was necessary to the full enjoyment of our own property. Even if the defendants were clearly in the wrong the amount of damage found is too trivial to warrant the interposition of a court of equity. The plaintiff has adequate remedy at law. The injunction was an arbitrary and unjust restraint placed upon the property of Mrs. True, because the husband was in the exercise of a reasonable use of it. Just what the rights of adjoining proprietors are has not been decided by this court, but it is insisted that the defendant, Mr. True, had the right to do as he did, and that the most that can be claimed is, that he would be liable for any damage that might perchance happen. *Bigelow* v. *Hartford Bridge Co.*, 14 Conn., 580; *Norwich Gas Light Co.* v. *Norwich City Gas Co.*, 25 id., 19, 40; *Hine* v. *Stephen*, 33 id., 497, 504; *Goodwin* v. *N. York, N. Haven & Hartford R. R. Co.*, 43 id., 494, 500; *Hawley* v. *Beardsley*, 47 id., 574; *McMaugh* v. *Burke*, 12 R. Isl., 499; *Radcliff's Ex'rs* v. *Mayor, &c., of Brooklyn*, 4 Comst., 203.

*D. G. Perkins*, for the appellee.

1. The court can both give damages and grant equitable relief on the same facts. Prac. Act, secs. 6, 7. And the facts for both modes of relief can be stated in a single count. Rules of Procedure, part 2d, secs. 4, 9. If it is not so, yet objection could be taken only by demurrer. Id., part 4, sec. 13.

2. Property in land includes as a necessary and inseparable incident thereto the right to such lateral support in the adjoining soil as is necessary for the protection and enjoyment of the land in its natural state. This is an elementary principle, and the right to such support to sustain the soil is as clear in civil law as the necessity of it is apparent in the law of nature. Washb. on Easements, 431; *Foley* v. *Wyeth*, 2 Allen, 132; *Gilmore* v. *Driscoll*, 122 Mass., 199; *Richardson* v. *Vermont Central R. R. Co.*, 25 Verm., 465 · *Farrand* v. *Marshall*, 21 Barb., 409; *McGuire* v. *Grant*,

1 Dutcher, 356. All facts necessary to establish this legal right are alleged and found, and the further facts that this necessary lateral support is embraced within the angle of forty-five degrees, and that the defendants intend to remove the soil within this angle adjoining the plaintiff's land to a depth of fifteen feet at least, as far as Coit street, a distance of forty feet, and thus render it liable to cave and fall away, an injury which must inevitably follow the loss of the lateral support. This act constitutes a nuisance destructive of the plaintiff's right of property, the continuation of which equity will enjoin for the following reasons:—(1.) The legal right to this lateral support, to prevent the destruction of which equitable relief is sought, is clear and undisputed and has been long enjoyed. (2.) The act of the defendants is not temporary and for the enjoyment of their land in the usual manner, but they are carrying on a business, the object of which is to remove and consume the soil of their land. The injury is in its nature permanent and irreparable. They are destroying the lateral support of our land—a right incidental to our property, and necessary to its enjoyment, and the loss of which will inevitably result in serious and irreparable injury to our land. (3.) The remedy at law is not adequate or fully sufficient. The injury to the land cannot be prevented by the plaintiff, nor is it susceptible of accurate measurement and full compensation at law. The act of the defendants will destroy or seriously impair the right of property in the lateral support of the soil, and will permanently change the plaintiff's land, and deprive her of the enjoyment of it in its natural state. Equity will enjoin the continuance of a nuisance which has already caused damage, and will destroy or seriously impair a right of property. Furthermore, the injury is a continuing one, and will result in a constantly recurring grievance. High on Injunctions, §§ 462, 467, 485, 538, 565, 568; Kerr on Injunctions, 366; 2 Story Eq. Jur., §§ 928, 929; *Hay* v. *Cohoes Co.*, 2 Comst., 159; *Farrand* v. *Marshall*, 19 Barb., 380; s. c., 21 id., 409; *Wier's Appeal*, 81* Penn. St., 203; *Phillips* v. *Bordman*, 4 Allen, 147; *Aldrich* v. *Howard*, 7

R. Isl., 87; *Webber* v. *Gage*, 39 N. Hamp., 186; *Davis* v. *Londgreen*, 8 Neb., 43, 46.

3. While the injunction will greatly benefit the plaintiff and protect her land, it can work no appreciable harm to the defendants, for the only condition imposed is the providing such artificial support as is necessary to sustain the plaintiff's soil.

CARPENTER, J.   This is a suit for damages for an injury to a certain lot of the plaintiff by the digging away, by the defendant, William D. True, of the soil of the adjoining lot, belonging to Elfreda True, his wife, the other defendant, and occupied by them both, so as to deprive the plaintiff's land of its lateral support, and to cause it to cave in and fall; and also praying for an injunction against a further threatened digging away of the soil.   The court below granted the injunction prayed for and rendered judgment for damages, the judgment being in both cases against both defendants.   Both defendants have appealed to this court.

The counsel for the defendants in his brief makes the point that the judgment is rendered in both its branches against both the defendants, while upon the facts found it appears that the wrongful acts have been in the past and will be in the future, so far as they are threatened, the acts of the husband solely, and that his wife has no other relation to them than that as owner of the land.   Whatever there may be in this point, it is enough to say that it is not stated in the reasons of appeal.

It appears that the declaration contains but a single count, setting out all the facts, and that upon this single count a judgment is asked for damages, as in an action at law, and for an injunction as in a suit in equity, and the defendants claim that, although under the Practice Act both legal and equitable relief may be administered in the same case, it can be only upon separate counts, the one framed for the one relief and the other for the other.

This objection is sufficiently presented by the reasons of

appeal, but it appears by the pleadings and finding that the only mode of making the objection in the court below was by objecting to evidence on the trial, and asking the court to rule that the double relief could not be granted. We might, therefore, dispose of the question by saying that the defendants made this objection too late. While there is nothing in the Practice Act, or the Rules of Procedure under it, which in express terms applies to this case, yet it is very clear that they intended that all objections to the complaint should be taken advantage of by demurrer, the idea being that everything that is preliminary in its character, and that can be reached by preliminary objections, should be brought to the attention of the court and disposed of . before the trial of the case upon its merits, so that the trial shall not be put at hazard by the right on the part of either party to raise questions in the course of it that could have been raised and disposed of before. Thus section 11, chapter 4, of the Rules, provides for a demurrer whenever improper relief is demanded, and section 13 of the same chapter provides that all exceptions for misjoinder of causes of action must be taken advantage of by demurrer, or they will be considered as waived; while section 10 provides that demurrers may be taken to a specified part of the complaint.

But since the question made is one of general interest to the profession, and of practical importance in the application of the new rules of procedure, we give an opinion upon it, as we are able to do without hesitation. The Practice Act, in express terms, allows both legal and equitable relief upon the same facts. Prac. Act, sec. 7. And the Rules, chap. 2, sec. 9, provide that the plaintiff "may claim alternative relief" on the same facts, clearly here in a single count; and section 11 speaks of a "complaint demanding specific equitable relief and also damages." We think the act and the rules clearly intended that the facts on which this double relief is prayed might be presented by a single count. We can see no good reason against it, while it accords with the general idea of simplicity which

is the object of the act.   And there seems no good reason
why, where each relief is asked upon precisely the same
facts, the statement of those facts should be repeated in a
second count.

The remaining point made by the defendants, and the
only one entitled to serious consideration, is that the dam-
age threatened was not·sufficient to warrant the granting
of an injunction.

It appears that the land of the plaintiff is a lot in the
city of Norwich, running through from one street to an-
other, and being about one hundred and twenty-five feet
wide on one street, and about fifty-five feet on the other,
the depth on the one side being about one hundred and
ninety-four feet, and on the other about one hundred and
thirty-nine feet.   This lot is abutted on the west by the
land of Mrs. True, for·the distance of one hundred and
twenty-five feet.   On this last piece of land the defendant,
William D. True,. has been for some time, and now is,
carrying on the business of making cement pipe, for which
the soil on his wife's land is of excellent quality and of a
kind difficult to be obtained.   For the purpose of thus
using it, he has begun at one end of the dividing line to dig
away the earth on his own premises to the depth of fifteen
feet, and so near to the dividing line that the plaintiff's
soil, of its own weight, has fallen into the excavation.   The
damage so far has been slight, the court awarding but five
dollars for it;  but precisely what it may be in the future,
if the defendant keeps on for the whole extent of the line,
is, of course, uncertain ;  but manifestly it cannot, as meas-
ured in money, be very large.   The court has, however,
found that it is "liable to cause irreparable injury to the
plaintiff," and it is easy to see that the injury might be
very serious.

It is obvious that an injury like this to a city lot may be
much more serious in its consequences than a like injury to
a remote farm lot.   And this is an important fact to be
considered in determining whether to grant an injunction,

a matter which addresses itself largely to the discretion of the court.

But the defendants say that the injury can easily be compensated in damages, and that where this can be done an injunction will not be granted. But this is not the rule. The adequacy of damages to make full compensation is, of course, an important matter to be considered, but is by no means a decisive consideration. High (on Injunctions, § 467,) says: " The jurisdiction of the court in this class of cases does not depend on the value of the property destroyed, but on the question whether its destruction would materially impair the enjoyment of the property as held and occupied at the time of the commission of the trespass." Again, in § 485, he says it is enough " if the injury would cause a constantly recurring grievance." And Story, in his Equity Jurisprudence, vol. 2, § 928, says: " Formerly courts of equity were extremely reluctant to interfere at all [in cases of trespass] even in regard to cases of repeated trespasses. But now there is not the slightest hesitation, if the acts done, or threatened to be done, would be ruinous or irreparable, or would impair the just enjoyment of the property in future. If, indeed, courts of equity did not interfere in cases of this sort, there would, as has been truly said, be a great failure of justice in the country." And in *Davis* v. *Londgreen*, 8 Neb., 47, the court say: " It is the nature of the injury, rather than the magnitude of the damage inflicted, which forms the basis of this redress."

But courts of equity have been specially ready to protect lands by injunction against injuries of this class. Thus High (Injunctions, § 538) says: " The right to lateral support is regarded as an incident to the ownership of land, and its infringement has been considered as a nuisance which equity may enjoin. Thus the removal and excavation of earth upon adjacent premises in such manner as to endanger the stability of the complainant's soil and fences by removing their lateral support, will be enjoined." The

same principle is laid down in 2 Story Eq. Jur., § 929, and in Kerr on Injunctions, 366.

In this case the defendant was not enjoined absolutely against digging on his own land in such a way as to endanger the plaintiff's soil, which might have debarred him from a rightful use of the soil on his own land, but only from digging beyond a certain depth and slope unless he provided a sufficient artificial support for the plaintiff's land in the place of the soil removed. This was imposing no serious burden upon the defendant, and we think the injunction, so limited and qualified, was properly granted.

In this opinion the other judges concurred.