JAMES N. CEFFARELLI *vs.* GIOVANNI LANDINO.

* First Judicial District, Hartford, March Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

At common law the owner of land is entitled to have his soil in its natural state supported by the adjoining land; but this right to lateral support does not extend to buildings or other superstructures. Accordingly the adjoining owner, if he excavates so near to the line that his neighbor's soil, by reason of its own weight or the action of the elements, is likely to give way, must support it by artificial means or answer in damages if it falls into the excavation; but if the giving way of the soil is due to the added burden of a building or buildings, the excavator is not liable, in the absence of negligence in the performance of the work.

Whether the right to lateral support for structures on one lot can be acquired by prescription in the soil of an adjoining lot, *quære.*

If it can be so acquired, the burden of proving its acquisition rests upon the party claiming the benefit of the right.

In the present case the defendant knew that land adjoining his was being excavated up to his line, and that the plaintiff, who was doing the work, expected him to support and protect his own foundation walls from injury. He was also aware that, because of his failure to do this, the plaintiff was doing it in the expectation of being paid therefor, but nevertheless directed how the work should be done in certain respects. *Held* that upon these facts it might fairly be inferred that the work and material were provided at the defendant's request, from which the law would imply a promise of payment; and therefore the plaintiff was entitled to recover their reasonable worth upon the so-called common counts.

The existence of a narrow strip of soil between the excavation and the building does not cast upon the excavator the duty of protecting the building itself, if it appears that its fall or injury is due to the increased burden which its own weight imposes on the adjoining land.

Argued March 3d—decided April 20th, 1909.

ACTION to recover for work and labor and materials furnished in rebuilding the defendant's foundation wall and in shoring up his building adjoining the land upon which

* Transferred from the third judicial district.

the plaintiff, a mason and contractor, was excavating preparatory to erecting a building for a third person, brought to and reserved by the Court of Common Pleas in New Haven County, *Wolfe, J.*, upon an agreed statement of facts, for the advice of this court. *Judgment advised for the plaintiff.*

*Philip Pond,* for the plaintiff.

*Ernest L. Averill* and *David S. Rivkin,* for the defendant.

THAYER, J. The statement of facts shows that the defendant owns land on Hill Street in the city of New Haven, upon which there now is, and for many years prior to April, 1906, had been, a frame house, the southerly side of which, and of its underpinning wall, is twenty-two inches northerly of the southerly line of his land. The twenty-two inch strip between the house and the southerly line of his lot was covered by an ordinary concrete walk. The lot of land on Hill Street south of the defendant's lot was owned by one Antonio Pepe. In April, 1906, the plaintiff, who is a contractor and builder, entered into a contract with Pepe to excavate for, and erect, a brick building upon his land, such excavation and building to extend to the southerly line of the defendant's land. The excavation was not intended to be carried more than ten feet below the curb line of Hill Street, and in fact was not carried to a greater depth than that. The defendant's building increased the lateral pressure upon said Pepe's land, and required lateral support from his land at least four feet below the surface thereof. Before the excavation was commenced, both the plaintiff and Pepe gave the defendant written notice that it was contemplated, and that he should shore up and protect his building. He neglected to do this. The plaintiff proceeded with the excavation, and as the support afforded by the Pepe land was removed the twenty-two inches of the defendant's land

which was covered with the concrete first crumbled away, and as the excavation progressed the wall of his building gave way and fell, and the entire building was in danger of falling, and threatened serious danger to the plaintiff and his workmen. To protect the defendant's building and save it from destruction, and to render the work of excavating safe for the plaintiff and his men, he performed work and furnished brick, stone, planking, and other materials in building in part a new foundation under the building to support and protect it. Before this was done the building inspector of the city of New Haven had, in writing, ordered the defendant to protect said southerly wall of his building, and he having failed for more than twenty-four hours to comply with the order, the inspector had by written order directed the plaintiff to support and protect the building from falling.

In addition to these facts contained in the agreed statement, the court has found that during the work done by the plaintiff to support and protect the defendant's building the latter observed the work and directed the plaintiff to put a cellar window in a portion of the foundation wall rebuilt by him, and that the plaintiff did as thus directed, and that the value of the materials and services furnished by the plaintiff was $290.

The complaint contains three counts. The first is founded upon the claimed right to recover at common law upon the foregoing facts. The second is based upon the claimed right to recover by force of the city ordinances hereinafter referred to. The third is the common counts, with a bill of particulars for work and materials. A demurrer to the first two counts was filed and *pro forma* overruled. An answer to each count was then filed and the case, at the request of the parties, has been reserved for the advice of this court as to what judgment shall be rendered.

It is unnecessary to consider the correctness of the rulings upon the demurrer. The facts as agreed upon are sub-

stantially those which are alleged in the complaint, and present the same questions which were raised by the demurrer. If, upon those facts, the plaintiff is entitled to recover upon either count, the defendant cannot now complain of rulings made upon his demurrer.

At common law the owner of land is entitled to have his soil in its natural condition supported by the adjoining land, but this right to lateral support does not extend to buildings or other superstructures placed upon the land. *Trowbridge* v. *True*, 52 Conn. 190; *Gilmore* v. *Driscoll*, 122 Mass. 199. The adjoining owner, therefore, if he excavates so near the line that his neighbor's soil, by reason of its own weight or the action of the elements, is liable to give way, must support it by artificial means, or answer in damages if it falls into the excavation. But if there are buildings upon the neighbor's land, these increase the lateral pressure, and if the giving way is due to this added burden, the person excavating is not liable, in the absence of negligence in conducting the work, for the damage so resulting to the owner. The hardship of this rule, especially in cities, is apparent, and an attempt has been made in some of the States to establish a rule more favorable to an owner upon whose land buildings have been erected. In this State there is no such statute. At common law, therefore, it was not the plaintiff's duty to support or protect the defendant's building, and the latter, had he built the foundation and furnished the support which the plaintiff provided, could not have recovered for it in an action against him.

But he claims that he had acquired by prescription the right in the Pepe land to lateral support for the building, and that consequently the duty to protect it from the results of the excavation fell upon the plaintiff. Whether such right to lateral support for structures erected upon the soil of one lot can be acquired by prescription in the soil of an adjoining lot, is a question upon which the authorities differ. It is unnecessary to consider the question

in the present case, because, if the right could be so acquired, the record does not show that the defendant's building had existed for such a length of time, or under such circumstances, as to justify the defendant's claim. It was not for the plaintiff to allege or prove that such a right had not been acquired by prescription, but for the defendant, if he claimed it, to establish that it had been.

The ordinances of the city of New Haven provide that whenever an excavation for building or other purposes shall be intended to be, or shall be, carried to a depth of more than ten feet below the street curb, the person causing the excavation shall, if afforded the necessary license to enter the adjoining land, at his own expense preserve any adjoining or contiguous wall from injury, but that when such excavation shall not be intended to be and shall not be carried to a depth of more than ten feet, the owner of such walls shall preserve the same from injury, and so support the same that they shall remain practically as safe as before the excavation was commenced. The ordinances also provide that if the person whose duty it shall be to protect such walls shall neglect or fail to do so after having had twenty-four hours' notice from the building inspector, the inspector may cause the work to be done at the expense of the party whose duty it was to do it. It appears that the inspector notified the defendant to protect the walls of his building, that the latter neglected and failed to do this for more than twenty-four hours, and that the inspector then directed the plaintiff to do it. The defendant contends that the plaintiff cannot recover except by force of these ordinances, and that these are invalid because unauthorized by the city charter and in violation of the Constitution of the State.

We do not find it necessary to consider the defendant's claims as to the invalidity of the city ordinances, because we think that the plaintiff is entitled to recover upon the common counts for the work and materials named in the bill of particulars. The defendant not only knew that the

plaintiff was furnishing these—which it was the duty of the defendant to furnish—expecting to be paid therefor, but he also directed about the work. While it is not specifically found that all the work and materials were furnished upon request, such is the fair inference from the finding. The law implies therefrom a promise to pay for the same. The plaintiff is therefore entitled to recover upon the third count of the complaint.

Whether the plaintiff is liable to the defendant for causing the twenty-two inches of soil intervening between the excavation and his building to cave in we need not inquire. That question, and the question whether the excavation should have been sheet-piled, as claimed by the defendant, are not involved in the present proceeding. The record shows that the defendant's foundation gave way because of the increased burden imposed upon the Pepe land by the defendant's building, and the fact that there was a narrow strip of soil not covered by the building, adjoining the excavation, would not cast upon the plaintiff the duty of protecting the building.

The Court of Common Pleas is advised to render judgment for the plaintiff for $290 with interest from January 1st, 1908, to the date of judgment.

Costs in this court will be taxed in favor of the plaintiff.

In this opinion the other judges concurred.