JENNIE GARAMELLA v. JOHN KRIPINGER

COURT OF COMMON PLEAS    FAIRFIELD COUNTY    FILE NO. 51135

Memorandum filed August 16, 1950.

William J. Lavery, of Bridgeport, for the Plaintiff.

George A. Saden, of Bridgeport, for the Defendant.

FITZGERALD, J.    Plaintiff and defendant own adjoining properties on the south side of Cornhill Street in the city of Bridgeport.    Both properties are situated on the side of a hill which slopes westerly.    Plaintiff's property is to the east of defendant's property, and consequently is on higher terrain.    In this action plaintiff is seeking a mandatory injunction to compel defendant to erect a retaining wall along the common boundary of the respective properties, and damages.

It is plaintiff's claim that defendant has excavated along this boundary and into her property, thereby resulting in the withdrawal of the lateral support to which her property is entitled in its natural state.    In the comparatively recent case (1941) of Carrig v. Andrews, 127 Conn. 403, our Supreme Court, speaking through Justice Ells, restated the basic principles relating to the right of lateral support which are inherent in the common law of Connecticut, as follows (p. 405) :

"We have said of the nature of the so-called right of lateral support that it is regarded as an incident to the ownership of land.    Trowbridge v. True, 52 Conn. 190, 199.    It is a right of property necessarily and naturally attached to the soil, and passes with it. 1 Am. Jur. § 21, p. 519.    There is no right of ownership in a neighbor's soil, for the latter may excavate his land up to the very boundary line, and use the soil as he chooses, provided he refurnishes by artificial means the support thus removed.    It is not a property right in the use of the adjoining

proprietor's land. That right is in the latter, but is limited by an obligation of lateral support. He must not excavate so near the line that his neighbor's soil, by reason of its own weight or the action of the elements, is liable to give way. *Ceffarelli* v. *Landino,* 82 Conn. 126, 129, 72 Atl. 564.

"Tiffany treats it as a right of immunity from damage to the physical structure of one's land, rather than as a right to freedom from interference with enjoyment. 1 Tiffany, Real Property, § 335. It is necessarily related to the rights of the adjoining landowners. Adjoining owners have a natural right to the lateral support of each other's ground; or, to state it more exactly, while an adjoining owner has the right to excavate his own ground for any lawful purpose, he must do so in such manner that his neighbor's land will not, by its own weight or through the action of the elements, fall into the excavation. See *Sullivan* v. *Zeiner,* 98 Cal. 346, 33 Pac. 209."

The evidence in the case, including a view of the premises by the court in company with counsel, warrants a finding that there has been an excavation along the common boundary of the properties resulting in the withdrawal of the lateral support to plaintiff's property. If defendant performed or caused this excavation he has violated the right of lateral support to which plaintiff is entitled under the principles quoted. But the factual problem is not so simple. The evidence warrants an additional finding that the act of excavation was performed by one Lanese, defendant's predecessor in title, when he was in possession. Hence another principle is of application. "[T]he person who makes the excavation which later causes injury to the adjoining property, and not the person in possession at the time of the injury, is the one liable for the damage caused." 1 Am. Jur. 526 § 36. This principle of law, and the additional finding to which it relates, is decisive of the case as pleaded and tried.

It is true that plaintiff contends that it was defendant who caused the excavation. But the fact is found contrary to this contention. While it could be found that from time to time defendant removed large stones and earth which had fallen down upon his driveway by their own weight or through the action of the elements, this finding would not advantage plaintiff in her case as pleaded and tried.

Accordingly judgment must be entered for defendant.