## PATRICK P. BARNES *vs.* THE CITY OF WATERBURY.

Third Judicial District, Bridgeport, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

In an action for undermining a retaining wall and causing its fall by negligently constructing a sewer in a thirty-foot passway between it and the river, the plaintiff claimed that the location of the sewer at that place was obviously dangerous to his property. After alluding to this claim and telling the jury it was for them to say whether the work did call for such intrinsically dangerous agencies,

the trial judge remarked that all the evidence tended to show that it would have been entirely safe to build the sewer there if the sides of the trench had been properly braced, and that there was nothing intrinsically dangerous in the undertaking. *Held* that in the absence of any statement of the evidence in the record, it did not appear that this expression of opinion upon the part of the trial court exceeded the limits of its discretion or invaded the province of the jury.

It is competent, and in some cases highly expedient, for the trial court to express its opinion on the weight of evidence, provided it does not instruct the jury how to find the facts.

A landowner is entitled to have his soil in its natural condition supported by the adjoining land, but not his buildings or other structures placed thereon. Excavations on the adjacent land cannot, however, be negligently made, without entailing a liability for injuries resulting therefrom.

A statement in the charge, which, standing alone, may be objectionable, must be read and interpreted in the light of its context; and if not misleading as thus considered, the appellant has no just cause of complaint.

An independent contractor must be competent and skilful in order to relieve his employer from liability for the contractor's negligence.

The charge in the present case reviewed and *held* not to be open to criticism in stating the law in relation to independent contractors.

Submitted on briefs October 28th—decided December 17th, 1909.

ACTION to recover damages for negligently undermining a retaining wall and causing its fall, while the defendant was constructing a sewer near the plaintiff's premises, brought to the Superior Court in New Haven County and tried to the jury before *Shumway, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Ulysses G. Church,* for the appellant (plaintiff).

*John P. Kellogg,* for the appellee (defendant).

RORABACK, J. In 1905 the plaintiff owned two pieces of land in Waterbury, the southerly one of which was separated from the Naugatuck River by a passway about thirty feet wide. Prior to 1905 the plaintiff had constructed a high retaining wall along the easterly boundary of the south-

erly piece, and had graded the property up to the top of the retaining wall. The plaintiff alleges that this retaining wall and improvements were destroyed and rendered value-, less in 1905 by the defendant's negligent construction of a sewer along the passway upon the easterly side of his lot.

The answer denied the alleged negligence, and averred, as a second defense, that the negligent acts complained of were the acts of the McGovern Construction Company, an independent contractor.

The plaintiff claimed to have shown that the work contracted for by the defendant was obviously dangerous to the plaintiff's property; and that the construction of the sewer trench at the base of the plaintiff's wall, in land liable to be flooded by water from the river, exposed the plaintiff's property to danger from the caving in of the sides of the trench and from the undermining of his property by the flooding of the trench with the river water.

Upon this subject the court said to the jury in part: "Yet all the testimony shows, and the evidence that has been offered tends to show, that it would have been entirely safe to build the sewer past the property of the plaintiff if the trench had been properly braced, and that there was nothing dangerous in the work any further than the liability on that part of the trench,—as it would be all along the line, varying probably from fifteen to sixteen feet in depth, as I think the testimony shows, to seven to eight feet in some places, where the sewer was constructed by the McGovern Company—the liability, I say, of the sides of the trench to fall in if they were not properly braced." The court, in another portion of its charge, instructed the jury: "It is a question of fact for you to say whether this work did call for such intrinsically dangerous means and agencies as would cause injury to the plaintiff's property."

The evidence has not been made a part of the record. It does not appear that the character of the work to be performed under the contract in question was in its nature

dangerous. There was no obvious and apparent danger that the plaintiff's wall would fall by digging a trench for the sewer along the passway. Nobody could know what the situation would be until an excavation had been made and it could be ascertained what was underneath. "It is competent, in all cases, and in many highly expedient, for the court, not only to discuss, but to express its opinion upon, the weight of the evidence, without however, directing the jury how to find the facts; and this is a right necessarily limited only by its own discretion." *First Baptist Church* v. *Rouse*, 21 Conn. 160, 167. The course taken by the court below, in its expression of an opinion as to weight of the evidence upon the question of an obvious and apparent danger, did not exceed its privilege or invade the province of the jury.

Several assignments of error relate to the instructions of the court as to the duty devolving on the defendant, as the occupier of the land adjoining the plaintiff's, not to interfere with the lateral support of the plaintiff's land. The plaintiff claimed, in substance, that if the land fell because of the removal of its lateral support in the prosecution of the work of sewer construction, the defendant was liable whether it had been negligent or not.

The plaintiff's retaining wall was built of large stones on a firm foundation reached by excavating four feet below the surface, and was twenty feet in height above the ground, and four feet in width at the bottom, and two and one half feet in width at the top.

"The owner of land is entitled to have his soil in its natural condition supported by the adjoining land, but this right to lateral support does not extend to buildings or other superstructures placed upon the land. *Trowbridge* v. *True*, 52 Conn. 190; *Gilmore* v. *Driscoll*, 122 Mass. 199. The adjoining owner, . . . if he excavates so near the line that his neighbor's soil, by reason of its own weight or the action of the elements, is liable to give way, must support it by

artificial means, or answer in damages if it falls into the excavation. But if there are buildings upon the neighbor's land, these increase the lateral pressure, and if the giving way is due to this added burden, the person excavating is not liable, in the absence of negligence in conducting the work, for the damage so resulting to the owner." *Ceffarelli* v. *Landino,* 82 Conn. 126, 129, 72 Atl. 564. In the present case the natural right of support existed in respect of the lands only and not of the retaining wall thereon. The parties, however, making an excavation in the passway were bound to use reasonable care in the prosecution of the work, and would be liable for injury to the plaintiff's property resulting from negligence. The instructions given as to the defendant's duty in this respect were well adapted to the case appearing of record.

It is urged that the judge misinstructed the jury in saying: "If the city of Waterbury, by its engineers was there directing this work or controlling it, then the city is liable. If they were not, then the city is not liable, and your verdict must be for the defendant."

This statement taken by itself appears objectionable, but when read in connection with the entire charge it appears that the plaintiff has no good ground of complaint. The judge had just said: "Now, I think I have said enough to you, gentlemen, so that you understand what the direct issues are. As I have said, there are really three, but from what I have indicated to you the first one—this work was so obviously dangerous that its performance necessarily rendered the city liable—I have referred to you as a question of fact." The jury could not have understood that they must entirely disregard the plaintiff's claim as to the defendant's liability arising from the apparent and obvious danger of the work to be performed under the contract.

It is claimed that the court erred in omitting to charge that the defendant would remain liable if the independent contractor were not competent or skilled; and secondly,

that the defendant, knowing the contractor to be financially embarrassed, did not interfere with the contractor.

The first question raised by this assignment of error is answered by that portion of the charge in which the judge said that it was necessary for the defendant to intrust "the execution of the work to skilled and competent contractors exercising an independent employment." The record does not disclose that any question as to the financial embarrassment of the contractor was made at any stage of the trial.

The requests to charge, so far as they were proper, were complied with. The charge is not subject to the criticism that the law relating to independent contractors was not fully stated with all the exceptions and conditions pertaining to the facts of the case.

The questions arising under the pleadings and claims of the parties were fairly submitted in a charge that could not have been mistaken, and the whole case was given to the jury with proper instructions as to the law.

There is no error.

In this opinion the other judges concurred.