MARTIN HICKEY *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A transcript of all the evidence, duly certified and made part of the record, is the usual and proper method of presenting the question whether the trial court was justified in directing a verdict; but a summary of the evidence, when agreed to by the parties and approved by the trial court, and only then, may answer the same purpose.

In the absence of any evidence tending to show how the plaintiff's injury was received, a verdict should be directed for the defendant; for a jury cannot be permitted to guess or conjecture how it happened.

Argued October 25th, 1910—decided January 6th, 1911.

ACTION by a father to recover damages for loss of the services of his minor son, and for moneys expended for medicines and medical attendance on his behalf, in consequence of personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County where a verdict was directed (*Shumway, J.*) for the defendant, from the judgment upon which the plaintiff appealed. *No error.*

*William E. Thoms,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellee (defendant).

THAYER, J. The evidence in this case is not before us. It appears from the record that the plaintiff requested the court to make a finding for the purpose of an appeal to review the question of the correctness of the court's action in directing a verdict for the defendant. The court made a finding which purports to give a summary of the evidence introduced by the plaintiff and the defendant. The plaintiff perfected his appeal, claiming that it appears from this summary that the court erred in directing a verdict for the defendant.

This method of bringing the question before this court is expeditious and economical, and is proper when the summary of the evidence is agreed to by both parties. But unless such a summary is agreed to by the parties and approved by the court, the evidence and rulings should be made a part of the record in one of the ways described in *Farrington* v. *Cheponis,* 84 Conn. 1, 78 Atl. 652. In such a case the appellant would be bound to furnish a transcript of all the evidence in the case for the court to certify and make a part of the record. In the present case the parties have treated the summary as a satisfactory statement of the evidence, and we therefore treat it as such.

It appears from the finding that there was evidence tending to show that the plaintiff's son was sliding down hill near his home and about two hundred and fifty feet distant from the defendant's railroad track, about five minutes before the train which was claimed to have caused his injuries passed by. He was found in an injured condition near the track at a grade-crossing after the train had passed. There was evi-

dence bearing upon the question of the defendant's negligence in the speed and operation of the train, but no evidence tending to show how the boy received his injury. So far as this question was concerned the jury were left entirely to conjecture. He might have received his injuries from running into a tree or a fence or the train when coasting, for aught that appeared in the evidence. The jury could not properly have found from the evidence that his injuries were caused by the defendant's train or were due to the defendant's negligence. One of the most essential facts in issue between the parties was thus left wholly unsupported by evidence, and the court properly directed a verdict for the defendant. *Fay* v. *Hartford & Springfield Street Ry. Co.*, 81 Conn. 330, 338, 579, 71 Atl. 364, 734; *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 Atl. 553; *Kelley* v. *Torrington*, 81 Conn. 615, 617, 71 Atl. 939.

There is no error.

In this opinion the other judges concurred.