ROBERT J. DICK ET ALS. *vs.* THE COLONIAL TRUST COMPANY, EXECUTOR (THOMAS DICK ET ALS. APPEAL FROM PROBATE).

Third Judicial District, New Haven, January Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A testator whose mind and memory are sound enough to enable him to know and understand the business in which he is engaged while making a will, has testamentary capacity, and an instruction to that effect is ordinarily adequate and sufficient for the guidance of the jury.

Evidence of the condition of a testator before and after the making of his will is of importance only as it may tend to throw light upon his condition at the time of its execution.

Statements and declarations of one whose testamentary capacity is in
issue are admissible as mental acts or conduct, but not as evidence
of the truth of the facts therein asserted. Accordingly, evidence
of statements made by a testatrix who gave the bulk of her property
to charity, that her deceased husband desired her to do so, is ad-
missible as tending to prove testamentary capacity and that her
bequests were natural and rational.

It is now well settled that a trial judge in his charge to the jury may
comment and express his opinion upon the weight of the evidence,
provided all questions of fact are finally submitted to the jury
without any direction as to how they shall be determined. This
power is one which rests in the discretion of the trial judge, whose
action is not reviewable on appeal unless such discretion has been
plainly abused.

A trial judge has the same power to direct a verdict in a will case that
he has in any other action.

To review the action of the trial court in directing a verdict, a certifi-
cation of all the evidence and rulings is essential, or at least a
summary of the evidence agreed to by the parties and approved
by the trial judge. In the absence of both, this court cannot say
that error was committed by the trial court in directing a verdict.

An answer which is not responsive is properly stricken out, especially
if it is also an expression of an opinion of others, and conjectural
and contingent in character.

Argued January 20th—decided March 5th, 1914.

APPEAL from an order and decree of the Court of
Probate for the district of Waterbury approving and
admitting to probate a certain written instrument as
the last will of Agnes Dick Munson of Waterbury,
deceased, taken to the Superior Court in New Haven
County and tried to the jury before *Bennett, J.;* verdict
and judgment for the defendant, sustaining the will,
and appeal by the plaintiffs. *No error.*

*Clayton L. Klein,* with whom was *James A. Peasley,*
for the appellants (plaintiffs).

*Arthur F. Ells,* with whom was *Walter D. Make-
peace,* for the appellee (defendant).

RORABACK, J. On the trial of the cause it was con-
ceded that the testatrix, Agnes Dick Munson, died at
Waterbury on April 23d, 1912. At this time she was

seventy-three years of age. The purported will was made on November 9th, 1911, at Waterbury. This will was admitted to probate on the 18th day of October, 1912, and on November 13th following an appeal was taken to the Superior Court in New Haven County.

The reasons of appeal urged upon the trial of the case in the Superior Court were, that the paper admitted to probate was not the last will of the testatrix, because at the time it was signed she did not have sufficient testamentary capacity; and because she was induced to execute this document through undue influence exercised upon her by the Rev. Charles A. Dinsmore, the pastor of the church which the testatrix attended.

The jury returned a verdict for the appellee, the executor, and found that the paper in question was the will of Agnes D. Munson. The errors assigned upon the appeal to this court relate to the instructions given to the jury, the refusal to charge as requested, and rulings upon evidence.

The jury were instructed: "If you are satisfied that on November 9th, 1911, the mind and memory of Agnes Dick Munson was sound, was enough to enable her to know and understand the business in which she was engaged at that time, then I charge you that she had testamentary capacity, and upon this point you should sustain the will." This portion of the charge, when read in connection with the immediate context and the charge as a whole, shows that the trial judge fairly and correctly explained to the jury the meaning of testamentary capacity. This instruction was immediately preceded by the following: "The controlling question is as to Mrs. Munson's condition when she executed this instrument which purports to be her will. At that very time and none other. Evidence or testimony as to her condition of mind or body at the time before the execution of the will, or after the execution

of the will in question, is of importance only as it may throw light on her condition at the time she actually executed the will." The jury were told, in another part of the charge, that "this mental capacity of which I have spoken to you is the mental capacity which existed at the time when the will was made."

From the general tenor of the directions of the court upon this point it is impossible to hold that the jury could have been misinformed as to the mental capacity which the testatrix must have possessed to make a will.

It is a further ground of appeal that the trial judge passed beyond the limits of proper comment upon the testimony, and that he unfairly invaded the province of the jury in discussing the weight that they should give the evidence presented by the proponents of the will. It is established by repeated decisions of this court that the trial judge in submitting a case to the jury may, at his discretion, express his opinion as to the weight of the evidence so long as all matters of fact are ultimately submitted to the jury without any direction as to how they shall be determined. *Benanti* v. *Delaware Ins. Co.*, 86 Conn. 15, 21, 84 Atl. 109; *Crotty* v. *Danbury*, 79 Conn. 379, 387, 65 Atl. 147. An examination of the record in the present case discloses that the charge of the Superior Court in this connection was clearly within the rule.

Another allegation of error made by the appellants is that the court instructed the jury that: "They have introduced the testimony of several witnesses before you to show what reason she gave for giving her property away from her brother or from her relatives. One reason being that her husband desired that she should give it in charity."

Upon the question of capacity to make a will, evidence of this description, if not too remote, is frequently received. Intention, purpose, mental peculiarity, and

condition, are ascertainable through the medium afforded by the power of language. Statements and declarations, when the state of the mind is the fact to be shown, are therefore received as mental acts or conduct. As a narration, it is not received as evidence of the fact stated. It is only to be used as showing what manner of man he is who makes it. If, therefore, the statement or declaration offered has a tendency to prove a condition not in its nature temporary and transient though prior in time to the act the validity of which is questioned, it as admissible. Its weight will depend upon its significance and proximity. It may be so remote in point of time, or so altered in its import by subsequent changes in the circumstances of the maker, as to be wholly immaterial, and wisely to be rejected by the judge. *Shailer* v. *Bumstead*, 99 Mass. 112, 120; *Spencer's Appeal*, 77 Conn. 638, 643, 60 Atl. 289. In the will now before us this testatrix gave the bulk of her property for charitable purposes. The record does not disclose when these declarations were made. No question, however, is raised as to their remoteness. Mrs. Munson's will was what might have been expected if she were sincere and of sound mind when she made these declarations. They tended to show that the gift which was made for charitable purposes was the natural and sane conduct of the testatrix. This testimony was properly admitted, and the court did not err in commenting upon it to the jury.

The trial court, after calling the attention of the jury to the reasons of appeal alleging undue influence, that the appellants had offered no evidence upon this branch of the case, and the explanation of the Rev. Charles A. Dinsmore as to the charge of undue influence made against him, instructed the jury as follows: "Upon the testimony before you, gentlemen, it is not possible for you to render a proper verdict against the will upon

this reason of appeal, and I therefore direct you in regard to the fourth reason of appeal to render your verdict in favor of the will." In order to review the propriety of the action of the trial court in directing a verdict, nothing further is required on appeal than a certification of all the evidence and rulings. Occasionally it may be possible to make an adequate presentation of the question by a summary of the evidence, or by summarizing a portion of it and certifying the rest; but this briefer method can be substituted only by agreement and the approval of the trial judge, in which event the agreed summary should be embodied in the finding. If the latter method is not adopted, the ordinary course must be pursued, and the entire evidence and rulings reported to this court. *Farrington* v. *Cheponis*, 84 Conn. 1, 4, 5, 78 Atl. 652. In the present case the trial judge had the same power to direct a verdict as to one or more of the issues presented, as in other actions, subject likewise to the same limitations and conditions. The appellants have not taken proper steps to secure a review by this court of the action of the Superior Court in directing a verdict upon the issues of undue influence. That court has not certified the evidence and rulings as provided in § 805 of the General Statutes. We have not even a summary of the evidence which, as stated, under certain conditions might be sufficient to enable us to pass upon the propriety of the action of the court in holding that, upon all the testimony presented, there was not a fair question for the jury upon this branch of the case. Under such circumstances we cannot say that the court below erred in directing a verdict upon the point urged in this reason of appeal.

It is urged by the appellants that the trial court erred in its charge by singling out and giving undue prominence to the claims and testimony of the appellee, and

in omitting to reasonably refer to the evidence and claims of the appellants. As stated, the rule "is now well settled in this State that the trial judge in his charge to the jury may express his opinion on the weight of evidence, either directly or by the drift of his comments and the marshaling of facts; provided all questions of fact are submitted to the jury without any direction as to how they shall be determined. This power is one to be exercised at the discretion of the trial judge, whose action, unless such discretion is plainly abused, will not be reviewed on appeal." *Crotty* v. *Danbury,* 79 Conn. 379, 380, 387, 65 Atl. 147; *Barnes* v. *Waterbury,* 82 Conn. 518, 521, 74 Atl. 902. Upon a careful examination of the record, we are convinced that the case was fairly submitted to the jury, and that the comments of the court below as to the evidence and claims of the parties were within reasonable bounds and did not improperly influence the jury.

The appellee produced Dr. Graves, an attesting witness to the will, who, upon his direct examination, stated that he made no examination of Mrs. Munson, the testatrix, when she executed the will, but in his opinion she, at this time, was apparently of sound mind and knew what she was doing. The witness was asked on cross-examination his opinion as to the mental condition of the testatrix at the time of making the will. He answered: "My personal opinion would be that had such an examination as could have been made on that day been carried out, I presume we would have found her of unsound mind." This answer was properly stricken out. It was not responsive, and further was the expression of an opinion of others, conjectural and contingent, and hence incompetent and immaterial.

There is no error.

In this opinion the other judges concurred.