NELLIE SMITH vs. BENEDICT E. HAUSDORF.

Third Judicial District, Bridgeport, April Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Assignments of error which are not pursued by the appellant may be treated as waived.

To entitle alleged errors to consideration by this court they should be "specifically" assigned, as provided by § 802 of the General Statutes; and therefore an assignment to the effect that the charge was inadequate for the guidance of the jury in reaching their verdict, is too vague and general to merit attention.

A judge in his charge may, at his discretion, comment upon the evidence and express his opinion as to its weight, provided he leaves all questions of fact to be determined by the jury as they see fit, without direction or restraint; and the exercise of such discretion, unless abused, will not be reviewed by this court upon appeal.

A plaintiff's witness was asked if he told some one that the stairway upon which the plaintiff had fallen was defective. *Held* that this called for an answer which was plainly hearsay, and that the question was properly excluded.

A statement as to what caused the accident, made by the plaintiff to her physician, is a mere narrative of a past event and objectionable as hearsay.

Smith *v.* Hausdorf.

Whether a photograph is a correct representation of the premises as they appeared at the time of the accident, is a preliminary question of fact to be decided by the trial judge before the admission of the. photograph in evidence.

In the present case the alleged defective stairway had been fixed up or repaired before the picture was taken, and the trial court excluded the photograph. *Held* that it could not be said there was error in such ruling.

Submitted on briefs April 9th—decided May 28th, 1918.

ACTION by a tenant against her landlord to recover damages for personal injuries alleged to have been caused by his negligence in failing to repair a decayed and defective common stairway, brought to the Superior Court in New Haven County and tried to the jury before *Bennett, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

The defendant owned a tenement house in the city of Waterbury, with stairs leading to the second floor of the house from the door-yard. The plaintiff, a tenant, with another family, occupied the second floor of this house, and both used the stairway as the only means of passing between their apartments and the yard. The plaintiff alleges that the stairs leading from the ground to the house at the entrance on the side were broken, out of repair, dangerous and defective, and that this condition was known or ought to have been known to the defendant; that on a certain day the plaintiff left her tenement on the second floor and was proceeding down these steps when, in the exercise of due care, in stepping upon one of these stairs, it gave way and precipitated her down to the ground, and that she suffered, as a result of this fall, many severe and painful bruises about the limbs and body.

*Charles W. Bauby,* for the appellant (plaintiff).

*Francis P. Guilfoile,* for the appellee (defendant).

RORABACK, J. The action of the trial court in refusing to charge as requested, in the charge as given, and in its rulings upon the admission of evidence, were assigned as errors by the defendant. Eight of the assignments of error, relating to the refusal of the court below to charge as requested, were not pursued and may be treated as waived. By the ninth assignment, the plaintiff contends that the charge was insufficient in law for the guidance of the jury in reaching a verdict. This assignment is too general, and raises no question we are bound to consider. General Statutes, § 802. It may also be stated, in relation to this assignment, that the record discloses that the charge as it was given presented the issues raised by the pleadings in a plain, concise and proper manner, that the law relating to these issues was fully and correctly stated, and was amply sufficient for the guidance of the jury.

The principal contention of the plaintiff was that the charge was argumentative, that the court was unfair in its comments upon the evidence, and that in several parts of the charge, pointed out in the appeal, the judge usurped the province of the jury. It is well settled by this court that a judge in his charge to the jury may comment upon and express his opinion on the weight of the evidence, provided all questions of fact are left to the jury without any direction by the court as to how the same shall be determined. Upon this point it is only necessary for us to refer to two or three recent cases in which the comments of the court on matters of fact were more strongly expressed than in the present case. *Dick* v. *Colonial Trust Co.*, 88 Conn. 93, 89 Atl. 907; *Temple* v. *Gilbert*, 86 Conn. 335, 85 Atl. 380; *Crotty* v. *Danbury*, 79 Conn. 380, 65 Atl. 147. This power of comment is to be exercised at the discretion of the trial court, and its action will not be reviewed by us upon appeal unless such discretion has been abused. It ap-

pears from the record in the present case that the trial judge submitted all of the questions of fact to the jury without any direction as to how they should find the facts, and there is nothing to indicate any abuse of his discretion in his method of presenting the case to the jury.

A witness called by the plaintiff was asked if he told an Italian family that the stairs were bad, and the girl telephoned to the landlord. This was objected to and excluded. It is sufficient to justify this ruling that the question called for an answer which was plainly hearsay.

A doctor called by the plaintiff was asked if, when he first went to the plaintiff's house, he inquired of her as to the injuries she had received. This was objected to, and claimed by counsel for the plaintiff upon the ground that he wanted "to show what was the cause of the injury, if the lady told him at the time, just what produced the injury we are claiming damages for, we are entitled to it." This question was properly excluded. It called for the narration of a past event which was clearly objectionable as hearsay. *McCarrick* v. *Kealy,* 70 Conn. 642, 645, 40 Atl. 603.

There was no error in the exclusion of a certain photograph of the stairway in question, offered in evidence by the plaintiff. The photographer who made it testified that after the accident he fixed up the broken stairway with boards that he found nearby, and then photographed these stairs as they then appeared. The sufficient verification of a photograph is a preliminary question of fact to be decided by the trial judge. Its value as evidence may depend upon extraneous circumstances. *McGar* v. *Bristol,* 71 Conn. 652, 42 Atl. 1000. Its accuracy must have been shown before it could have been properly admitted. From the facts disclosed by the record this was a matter for the trial court. We certainly cannot say that this photograph was a correct

representation of these stairs at the time the plaintiff was injured. *Cunningham* v. *Fair Haven & Westville R. Co.*, 72 Conn. 244, 249, 250, 43 Atl. 1047.

There is no error.

In this opinion the other judges concurred.