ARTHUR W. GREEN *vs.* WILLIAM S. BROWN.

First Judicial District, Hartford, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

An appeal for alleged error in directing a verdict presents that question and that alone for consideration by this court: even the reasons stated by the trial judge to the jury for his action are immaterial. The sole question is, was the direction right?

Unless otherwise ordered by the trial court, all exhibits, including maps, plans, deeds and other written instruments, as well as the entire testimony, should be made part of the printed record on an appeal to test the propriety of a directed verdict.

A stipulation of counsel as to what matter shall form part of the record on appeal is ineffective unless approved by the trial court.

A verdict should be directed if dependent upon a rule of law, or if the facts are undisputed, or if but one reasonable conclusion is open to rational minds; otherwise the case should be left to the consideration of the jury.

Fraudulent representations alleged in defense of an action on a promissory note by the payee, require the defendant to prove that the

payee either knew the representations were untrue, or made them without a belief in their truth or recklessly, for the purpose of inducing the defendant to act upon them.

Argued January 2d—decided January 29th, 1924.

ACTION to recover the amount of two promissory notes, brought to the Superior Court in Windham County and tried to the jury before *Kellogg, J.;* by direction of the court the jury returned a verdict for the plaintiff for $2,680, and from the judgment thereon the defendant appealed. *No error.*

*Charles L. Torrey* and *Harry E. Back,* for the appellant (defendant).

*Charles E. Searls* and *Arthur G. Bill,* for the appellee (plaintiff).

WHEELER, C. J.  The action is one to recover upon two negotiable promissory notes.  The answer alleged that the defendant purchased of the plaintiff certain Holstein cattle in reliance upon certain named representations, and gave in payment the notes sued upon; that these representations were false, and were made to the defendant fraudulently with intent to deceive the defendant; that the defendant purchased these cattle with which to establish a business as a dealer and breeder of pure-blooded, registered, healthy Holstein cattle, and that many of the cattle so purchased were suffering with tuberculosis; and that the plaintiff has never furnished in many cases the usual evidence of registration; all of which were within the representations made, and, in consequence, the defendant was greatly injured and hindered in the establishment of this business to the extent of $5,000.  The defendant also pleaded, by way of counterclaim for the acts as set forth in the answer above, that because of these

fraudulent misrepresentations the defendant had sustained damages to the amount of $5,000. The plaintiff replied, denying the fraudulent acts set forth in the answer, and pleaded further that, subsequent to the purchase, the plaintiff gave and the defendant accepted certain credits upon the purchase price of these cattle as a complete settlement and accord of all the matters of defense and counterclaim pleaded. The defendant rejoined denying the settlement and accord.

At the conclusion of the evidence the court directed the jury to render a verdict for the plaintiff, which they did, and judgment was entered upon the verdict.

The defendant appeals and assigns as errors the direction of the verdict by the court, and several matters in the charge of the court in explaining to the jury the grounds for its direction of the verdict. The direction of the verdict is the only assignment of error to be considered upon an appeal from a directed verdict. It is discretionary with the trial court whether it explain to the jury the reasons why the direction was given. If it gives its reasons to the jury, whether they be right or wrong is wholly immaterial upon the appeal, since the single question upon the appeal is as to the correctness of the direction. In *Johnson* v. *Bullard Co.*, 95 Conn. 251, 262, 111 Atl. 70, we say: "Where a case involves the application of some legal principles that might not be obvious to the jury, it may in some cases, as a matter of practical expediency and to obviate any feeling of arbitrariness on the part of the judge which the jury might otherwise entertain, be of advantage to state the reasons leading to the direction of the verdict; but such statement of reasons is in no proper sense a charge, and is not necessary." See also *Dawson* v. *Orange,* 78 Conn. 96, 128, 61 Atl. 101.

Counsel for the parties stipulated that the lengthy correspondence between the parties need not be printed,

but might be referred to and used in argument by the parties.  We assume that counsel intended that this court should also have the privilege of using these exhibits.  A stipulation of counsel as to the matter which shall form a part of the record on appeal, is ineffective unless approved by the trial court.  Upon an appeal from a directed verdict a certification of all of the evidence and rulings is necessary in order to enable this court to review the precise question which the trial court decided with the exceptions noted hereafter, unless the court with the consent of the parties shall make a summary of the evidence in the manner and under the conditions specified in *Farrington* v. *Cheponis*, 84 Conn. 1, 78 Atl. 652.  In *Dick* v. *Colonial Trust Co.*, 88 Conn. 93, 98, 89 Atl. 907, we say: "In order to review the propriety of the action of the trial court in directing a verdict, nothing further is required on appeal than a certification of all the evidence and rulings."  See also *Suga* v. *Haase*, 95 Conn. 208, 209, 110 Atl. 837.

It frequently is desirable on appeal to omit printing maps, photographs and deeds, and in some cases portions of the evidence may be omitted; but in the case of an appeal from a directed verdict, the omission from the printed record of any material portion of the evidence except photographs, maps, plans, deeds and other instruments which are sufficiently summarized in the evidence, should be made by the trial court with great care because of the liability of presenting to this court an appeal record so incomplete as to prevent the consideration of the appeal.  In the instant case the omission of this voluminous correspondence from the printed record leaves out the written word of the parties concerning the immediate issues involved, often much more helpful in the search for truth than their oral testimony.  Our practice would justify our refusal to consider this appeal.  Indeed, no true deter-

mination could be made of the appeal without having all of this evidence before us. We cannot use these letters because they have not been made a part of the printed record. To do so would tend to break down the established practice that cases in this court shall be heard and determined upon the printed appeal record.

In view of the obvious desire of counsel, we shall briefly express the view of the court upon the evidence appearing in the printed record. Where the verdict depends on law, or when the facts are undisputed, or when the reasoning mind could reasonably reach but one conclusion, the trial court should direct a verdict. "But when the evidence is conflicting, the court should not direct a verdict unless it is clearly of the opinion that only one verdict is reasonably possible." *Ulrich* v. *New York, N. H. & H. R. Co.*, 98 Conn. 567, 570, 119 Atl. 890; *Bradbury* v. *South Norwalk*, 80 Conn. 298, 300, 68 Atl. 321; *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 Atl. 358; *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 Atl. 553.

It was essential that the defendant prove that the representations as alleged were fraudulent. "Fraudulent representations are those proceeding from or characterized by fraud. Their purpose is to deceive. A fraudulent representation in law is one that is either knowingly untrue, or made without belief in its truth, or recklessly made and for the purpose of inducing action upon it." *Sallies* v. *Johnson*, 85 Conn. 77, 82, 81 Atl. 974; *O'Neill* v. *Conway*, 88 Conn. 651, 654, 92 Atl. 425; *Scholfield Gear & Pulley Co.* v. *Scholfield*, 71 Conn. 1, 19, 40 Atl. 1046.

The jury might have found that these representations as alleged were made, but they could not reasonably have found, on the evidence in the printed record, that they were fraudulently made, since there is no

evidence from which they could reasonably have found that the plaintiff either knew the representations to be untrue, or made them without belief in their truth, or recklessly, for the purpose of inducing the defendant to act upon them. It is unnecessary to consider whether the defendant has proven damage resulting from these representations.

There is no error.

In this opinion the other judges concurred.