## STARMER v. MID-WEST CHEVROLET CORP. et al.

No. 24280. Nov. 12, 1935.

Rehearing Denied Dec. 3, 1935.

Woodard & Westhafer, Chas. B. Rogers, and E. O. Patterson, for plaintiff in error.

West & Davidson, Mills, Cohen & Taylor. and Jameson & Gray, for defendants in error.

PER CURIAM. As a matter of convenience the parties to this appeal will be referred to as they appeared in the trial court, since they occupy the same position here.

The defendant Mid-West Chevrolet Corporation was engaged in selling Chevrolet automobiles and trucks in the city of Tulsa. The defendant Porter Construction Company was a copartnership engaged in highway construction and other contracting work in Oklahoma and Arkansas. The defendant General Motors Acceptance Corporation was engaged in the business of financing deferred payments on automobbiles and trucks and buying such paper from car and truck dealers.

The petition of the plaintiff in substance alleges that the defendants entered into a conspiracy whereby through false and fraudulent inducement, representations. statements. and guarantees, the Mid-West Chevrolet Corporation would be enabled to sell a number of trucks and secure a substantial down payment thereon, take a conditional sales contract for the deferred payments, sell it to the defendant General Motors Acceptance Corporation. and the defendant Porter Construction Company would be enabled to get the use of such trucks in their business, and whereby after a short period the trucks would be repossessed through the medium of General Motors Acceptance Corporation; that in pursuance of this scheme the Mid-West Chevrolet Corporation, through its agents and employees and the defendant Porter Construction Company by its partners. and representatives acting in concert. represented and guaranteed to the plaintiff that if he would purchase a truck from the Mid-West Chevrolet Corporation he would be given immediate employment by the Porter Construction Company in work which would average him around $14.40 per day for a period of from one to two years, whereby he would be enabled to pay certain expenses and the balance of the purchase price on said truck; that plaintiff relied upon such representation and guarantee and purchased a truck from the Mid-West Chevrolet Corportion, borrowing from the bank for this purpose the sum of $450. out of which he made the initial payment of $305 on the truck and payment of insurance in the sum

of $16 and executed his note and conditional sales contract in the sum of $636 to secure the balance of the purchase price; that thereupon plaintiff was sent to the state of Arkansas by the defendants for the purpose of engaging in work for the Porter Construction Company; that on arriving at the place of work he found the representations and guarantees of said defendants to be false and untrue, and such as were either known by them to be false and untrue at the time they were made, or else made with a reckless disregard of their truth or falsity, and that by reason of the fraud and deceit practiced by the defendants plaintiff was unable to earn enough to meet the deferred payment on the truck, and that the conspiracy was then completed by the General Motors Acceptance Corporation stepping in and illegally repossessing said truck in concert with Mid-West Chevrolet Corporation, and thereupon prays damages resulting from said conspiracy.

The defendants filed separate answers. The answers of Mid-West Chevrolet Corporation and Porter Construction Company, a copartnership, were verified, and in addition to general denials of the allegations of plaintiff's petition specifically denied the agency of the various persons named in the plaintiff's petition. The answer of General Motors Acceptance Corporation was an unverified general denial. Trial was had to a jury. At the conclusion of plaintiff's evidence. each of the defendants interposed separate demurrers thereto. The court sustained the demurrer of General Motors Acceptance Corporation and overruled those of the other two defendants. Thereupon the defendants Mid-West Chevrolet Corporation and Porter Construction Company introduced their evidence and rested. The plaintiff offered no rebuttal evidence. Thereupon the defendants renewed their demurrers to the evidence of the plaintiff and requested the court to direct a verdict in their favor. The court sustained the motions for a directed verdict.

The plaintiff appeals and makes nine assignments of error which are discussed under three general propositions, which may be summarized as error of the court in directing verdict for the defendants Mid-West Chevrolet Corporation and Porter Construction Company; error in sustaining the demurrer of the General Motors Acceptance Corporation to the evidence of the plaintiff and error in rulings on the admissibility of certain evidence.

The defendants urge that this appeal must be dismissed for the reason that the case-made does not contain a statement that it contains all of the evidence.

Section 533, O. S. 1931, provides:

"A party desiring to have any judgment or order of the district, superior or county court, or a judge thereof, reversed by the Supreme Court, may make a case, containing a statement of so much of the proceedings and evidence, or other matters in the action, as may be necessary to present the errors complained of to the Supreme Court."

In the case of Seibold v. City of Muskogee, 155 Okla. 81, 8 P. (2d) 35, this court has held that compliance with the above statute is sufficient. In that case the rule is fully discussed and explained. And furthermore, by reason of section 535, O. S. 1931, it is specifically provided that an appeal shall not be dismissed even where the evidence is stated in such a manner as to be insufficient for the purpose for which the case is made until an opportunity has been given to correct any deficiency or mistake in the record. See Pahlka v. Chicago, R. I. & P. Ry. Co., 62 Okla. 223, 161 P. 544

The defendants do not point out wherein the record is deficient herein or omissions of any evidence or other matters which are essential to the determination of errors complained of by the plaintiff on this appeal, and we have carefully examined the record and find that it apparently meets the requirements of the statute, and for this reason we find that there is no merit in the contention of the defendants in this respect. We will therefore proceed to consider the appeal on its merits.

As previously stated, this is an action for damages arising out of an alleged conspiracy. The plaintiff's evidence is in many respects similar to that in the case of Mid-West Chevrolet Corporation v. Noah, 173 Okla. 198, 48 P. (2d) 283, but the theory of the case at bar differs therefrom in that the cited case was an action for fraud and deceit predicated upon the theory of fraudulent promises of employment, whereas the case now under consideration is predicated upon the theory of damages resulting from a conspiracy between the defendants, whereby acting in collusion they caused the plaintiff loss of time, money, and property. The evidence of the plaintiff herein briefly stated was to the effect that he was attracted by an advertisement similar to that employed in the Mid-West Chevrolet Cor-

poration v. Noah Case, supra, and that after making certain inquiries concerning said advertisement, an employee of the Mid-West Chevrolet Corporation called upon the plaintiff, made him certain definite assurances of, employment and positive assertions with regard to the nature of the work, the surroundings, conditions, extent and duration thereof, and urged immediate action on his part, and offered to have these statements and representations corroborated by the Porter Construction Company. That on interviewing members or representatives of the Porter Construction Company he was given further assurance of the truthfulness of the statements made by the representatives of the Mid-West Chevrolet Corporation. That plaintiff fully explained his condition, liabilities, and responsibilities, and the necessity of borrowing money to make the down payment on the truck, and requested the defendants to place themselves in his position and advise him truthfully and fairly so that he would not make a mistake; that the defendants again advised him that he could not make a mistake in the matter, and urged him to go into the transaction; that thereupon plaintiff borrowed the money, bought the truck, made the initial payment thereon, executed a conditional sales contract for the deferred balance, went to Arkansas, and went to work for the Porter Construction Company; that he then learned that he had been misinformed and misled; that the positive statements of the defendants were untrue at the time they were made and were known by the defendants to have been untrue. That the purpose of the transaction was to get trucks sold in sufficient number on the job so that the defendants would profit thereby and without any possibility of the plaintiff being able to complete his purchase. That regular work was not forthcoming and that the plaintiff worked intermittently until about the last of June, when, being in default on two payments of his truck, it was repossessed by the representative of the General Motors Acceptance Corporation in company with an employee of the Mid-West Chevrolet Corporation.

As we have said in Allis Chalmers v. Lamb, 174 Okla. 118, 49 P. (2d) 1071. Mr. Justice Welch, speaking for the court:

"On motion for instructed verdict the court cannot weigh conflicts in evidence or determine the cause upon the credibility of the witnesses.

"It is error to instruct a verdict for the defendant if the evidence favorable to plaintiff, taken as true, with all reasonable inferences to be drawn therefrom, fairly tends to prove plaintiff's case or to show prima facie right of recovery."

And the general rule as to the evidence requisite in a civil action based on conspiracy is given in 5 R. C. L. pages 1103-1104, as follows:

"The combination or conspiracy may be proved by evincing a concurrent knowledge and approbation in the persons conspiring, of each other's acts; and it is usually done by proof of the separate acts of several persons concentrating in the same purpose or particular object. The greater the secrecy that is observed relative to the object of such concurrence, and the more apparent the similarity of the means employed to effect it, the stronger is the evidence of conspiracy. For the purpose of showing such connection, therefore, circumstantial evidence suffices. The plaintiff may either prove the conspiracy which renders the acts of the conspirators admissible in evidence, or he may prove the acts of the different persons, and thus prove the conspiracy. The conspiracy being established, the acts and declarations of one conspirator during the continuance of the conspiracy, pursuant to and in furtherance of it, are admissible against his coconspirators. The only limitation upon the rule is that what is said and done must be said and done after the formation of the conspiracy, and in furtherance and in pursuance thereof. Of course, what may be said or done by any one of the conspirators after the completion of the purpose for which the conspiracy was formed can be used only against the one saying or doing it."

And as we have said in Clark v. Sloan, 169 Okla. 347, 37 P (2d) 263, Mr Justice McNeill speaking for the court:

"Persons have a right to combine together for the purpose of promoting their individual welfare in any legitimate way, but where the purpose of the organization is to inflict injury on another, and injury results, a wrong is committed upon such other; and this is so notwithstanding such purpose, if formed and executed by an individual, would not be actionable. One person may, through malicious motives, attract to himself another's customers, and thus ruin the business of such other without redress; but when a number of persons, acting wholly or in part from such malicious motives, combine together the injury to such other is actionable. 'Where the act is unlawful for an individual, it can be the subject of conspiracy, when done in concert, only where there is a direct intention that injury shall result from it.' See Hawarden v. Youghiogheny, 111 Wis. 545, 87 N. W. 472; State ex rel. Durner v. Huegin, 110 Wis. 189, 85 N. W. 1046."

Applying the above rules to the case now under consideration, we are of the opinion that the evidence of the plaintiff clearly establishes that the Mid-West Chevrolet Corporation and the Porter Construction Company were acting in concert and collusion; that through their representatives and employees they made representations and positive statements to the plaintiff, which were false when made and were known at the time to be false, or else made with reckless disregard for their truth or falsity, and were made with the intention that plaintiff should act and rely upon them, and that he did act and rely upon such statements, representations, and promises, and that therefore, as to the defendants Mid-West Chevrolet Corporation and Porter Construction Company, the trial court was correct in the first instance in overruling the demurrers to the plaintiff's evidence interposed by each of said defendants, and was likewise in error in sustaining motions for directed verdict at the conclusion of the case. The evidence of the plaintiff was sufficient to have gone to the jury on this issue. However, we find that the court erred further since the plaintiff pleaded agency of certain persons, and this was denied by the defendants, and there was some evidence offered on this issue so that this should have been submitted to the jury for determination. As we have said in Franklin Bond Corp. v. Smith, 163 Okla. 70, 20 P. (2d) 912:

"'It is the settled rule that the question of agency and the scope and extent of the agent's authority are to be gathered from all the facts and circumstances in evidence, and are to be determined either by the jury or the court as a trier of fact.' Catlin v. Reed, 141 Okla. 14, 283 P. 549."

For these reasons the motions for directed verdict were improperly sustained.

We will now consider the action of the court in sustaining the demurrer of General Motors Acceptance Corporation to the evidence of the plaintiff as against said defendant.

It is a settled rule in this jurisdiction that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and the inferences and conclusions that may be reasonably and logically drawn from the evidence (Wm. Cameron v. Henderson, 40 Oka. 648, 140 P. 404; Crowe v. Crowe, 40 Okla. 455, 139 P. 122); and conflicting evidence may not be weighed (Moss v. Hunt, 40 Okla. 20, 135 P. 282); and that evidence which is most favorable

to the demurrant must be considered as withdrawn (Shannon Furniture Co. v. Federal Surety Co., 159 Okla. 205, 15 P. (2d) 22). Therefore, applying the rule to the evidence of the plaintiff as against the defendant General Motors Acceptance Corporation, we are of the opinion that the trial court properly sustained the demurrer thereto. The only connection shown between the defendant General Motors Acceptance Corporation and the other defendants was that it bought the paper on the truck. It is neither shown by positive evidence nor logical inferences that the General Motors Acceptance Corporation was a party to the acts of the other defendants, or had any knowledge thereof properly imputed to it until the transaction had been substantially completed and plaintiff's damage fully sustained. Simply because a buyer of negotiable paper subsequently endeavors to enforce his rights thereunder although subsequently advised of fraud in the alleged procurement thereof, he is not thereby made a party to such fraud in any degree whatever, and is not precluded from proceeding with the enforcement of his rights and remedies notwithstanding such information. To hold otherwise would be to destroy the provisions of the Negotiable Instruments Law and to shackle commerce with an intolerable burden.

The plaintiff further complains of the action of the trial court in excluding certain proffered evidence, but since this excluded evidence was offered by General Motors Acceptance Corporation, and since we hold that the evidence of the plaintiff was insufficient to charge said defendant with liability, therefore this assignment becomes immaterial in this case. The defendant Mid-West Chevrolet Corporation contends that all statements, representations, and oral negotiations made prior to the purchase of the truck were merged in the written contract, and therefore evidence of said statements and negotiations is inadmissible. We have discussed a like contention at considerable length in the case of Mid-West Chevrolet Corporation v. Noah, supra, and therein the decisions are collected and distinguished. It suffices to say that the contention of the defendants in this respect is not sustained by the weight of authority. We believe that the rule announced by the Supreme Court of the United States in Seitz v. Brewer Refrigerating Machine Co., 141 U. S. 510, 35 L. Ed. 837, is applicable to the situation here presented, wherein that court said:

"Undoubtedly the existence of separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies, that is, it must at least not be so closely connected with the principal transaction as to form part and parcel of it."

So here the sale of the truck was not the entire transaction between the parties and was not intended to be, but was only a single link in the transaction which included the employment of the truck in the work of the Porter Construction Company and the employment of plaintiff in permanent and remunerative work. A triangle with three purposes and features, the sale of the truck being only one side thereof; therefore, evidence as to the other sides was properly admissible under the circumstances. The action of the trial court in sustaining the demurrer of the General Motors Acceptance Corporation to the evidence of the plaintiff is sustained and the action of the said court in sustaining motions for directed verdict in favor of the defendants Mid-West Chevrolet Corporation and Porter Construction Company is reversed and remanded.

Affirmed in part and reversed in part.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.