DOROTHY ANNE DONDORE, Administratrix, Appellant, v. F. J. ROHNER, Appellee.

No. 43747.

NOVEMBER 16, 1937.

E. P. Korab, Floyd Philbrick, George A. King, and Clarence H. Brisco, for appellant.

Dutcher, Ries & Dutcher and Frank F. Messer, for appellee.

ANDERSON, J.—This is an action brought by the plaintiff, appellant, Dorothy Anne Dondore, against the defendant, appellee, F. J. Rohner, for malpractice in which the plaintiff claims that the defendant physician as a consultant and specialist in internal diseases was called as such consultant by the attending physician to examine and consult with said attending physician as to the illness of the administratrix's mother, the decedent. The record discloses that the defendant physician saw the decedent professionally probably on three different occasions and, at the time of the first visit occurring on the 5th of July, 1930, the decedent was suffering from acute cardiac failure, decompensation of the heart, congestive in type, coronary thrombosis, congestion of the liver, enlargement of the heart, an exceedingly high irregular pulse, and a general feeble and wasted physical condition. The claim is that the defendant did not properly and skillfully diagnose the acute and serious condition of the patient and did not properly prescribe a skillful course of treatment and that by reason thereof the patient continued to decline, her ailments continued to increase in severity, finally resulting in her death.

Although the appeal must be dismissed on the defendant's motion, owing to the apparent sincerity of the plaintiff who, though not an attorney, personally presented the appeal to this court, we have reviewed the record carefully and are constrained to hold that no errors were committed by the trial court in the admission and exclusion of evidence that were prejudicial to the plaintiff or that would constitute reversible error, and that the trial court was right in its order and ruling

sustaining a motion directing a verdict for the defendant at the close of plaintiff's testimony.

As to the motion to dismiss the appeal it appears first that the appellant failed to comply with Rule 16 of this court in the preparation of the abstract in that such rule provides that only so much of the record as may be necessary to a full understanding of the questions presented for decision be included therein, and that the abstract as prepared and presented by the appellant is practically a copy of the transcript and contains much more than is necessary for a full understanding of the issues presented and is in such condition as to entail an unreasonable and unwarranted amount of labor upon the part of the court to ascertain therefrom the pertinent and important facts. The rule referred to provides that the court may in its discretion affirm the judgment from which the appeal is taken without considering the appeal.

There is also a violation of Rule 18 of this court which provides the form and context of the abstract, in that the petition and other pleadings containing arguments and conclusions are set out in full thus adding unnecessarily to the labors of this court and constituting a complete failure to conform to the rule referred to.

It is also an absolute failure to comply with Rule 30 of this court in the preparation of the appellant's brief and argument. For instance, instead of a "brief statement of the main facts as claimed by the appellant" we have an exhortation and argument covering twenty-seven pages of the brief and argument, from which it is arduous, if not impossible, to separate the argument and general discussion from the main facts and thus obtain an intelligent idea of the main facts at issue.

Again Rule 30 has been ignored and violated in that the assignments of error are omnibus and are not stated with sufficient definiteness to apprise the court of the errors relied upon without an arduous reference to the abstract or transcript. This is true of all attempted and claimed assignments of error.

Without prolonging this ruling by specifically referring to the various and very numerous claimed assignments of error, we are constrained to hold that the appellee's motion to dismiss the appeal based upon a violation of and failure to follow the re-

4

quirements of the rules of practice in this court must be and it is sustained.—Appeal dismissed.

HAMILTON, C. J., and MITCHELL, KINTZINGER, DONEGAN, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.