GEORGIANA L. WINSOR *v.* GEORGE F. HAWKINS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued March 7—decided April 13, 1944.

*H. Allen Barton,* for the appellant (defendant).

*William L. Tierney,* for the appellee (plaintiff).

PER CURIAM. This is an automobile negligence case in which the defendant admitted liability, a hearing in damages was had to the court and damages were assessed for injuries to person and property. Much of the appeal has to do with claimed corrections in the finding. No change can be made in it which would avail the defendant. The principal claim is that the complaint did not allege any damages arising after its

date, except as to the loss of use of the automobile, but that the court nevertheless allowed such damages.

All the damages awarded by the court were of such a nature that they were in general within the allegations of the complaint, and the allowance of items occurring after the date of the writ did not constitute a departure from those allegations in a "matter essential to the charge or claim" which would render the judgment awarding them invalid. *Frosch* v. *Sears, Roebuck & Co.*, 124 Conn. 300, 303, 199 Atl. 646. There was at most a variance. If the variance was material, the question should have been raised when the evidence was presented. This was not done, and so no opportunity was given to the plaintiff to make his pleading, if insufficient, conform to the proof. The entire evidence was received without any objection on the ground of variance between allegation and proof. No motion was made to strike out any evidence on the ground that it was not within the issues. It is now too late to raise such a point on appeal. *Scott* v. *Scott*, 83 Conn. 634, 641, 78 Atl. 314; *Sasso* v. *K. G. & G. Realty & Construction Co.*, 98 Conn. 571, 577, 120 Atl. 158; *Booth* v. *Booth & Bayliss Commercial School, Inc.*, 120 Conn. 221, 230, 180 Atl. 278.

On the same principle, the defendant cannot now claim error in the allowance in the judgment of lost earnings under the allegation that the plaintiff was unable to attend to her usual duties, as he did not object to the evidence offered in proof of them or move to strike it out. The claim is also made that the allowance for lost earnings is not reasonably supported by evidence, and a similar claim is made as to other items of damages. We cannot say that the evidence does not reasonably justify the award.

The defendant further claims that the testimony of the plaintiff that she had neuritis and water on the

knee was not competent evidence in the absence of medical testimony to that effect. She made no attempt to give a medical opinion. She testified without objection. She was doubtless repeating what her doctor told her, and the testimony would fall in general within the class of hearsay testimony to which, if no objection is made, the trial court can give such weight as it thinks it deserves. *Doris* v. *McFarland,* 113 Conn. 610, 614, 156 Atl. 58, Conn. App. Proc., p. 39, note 23.

There is no error.