HENRY MARCINIAK v. WAUREGAN MILLS, INC., ET AL.

JENNINGS, BALDWIN, INGLIS, O'SULLIVAN and ROBERTS, JS.

Argued October 14—decided November 25, 1952

*James W. Carpenter,* for the appellants (defendants).

*Allyn L. Brown, Jr.,* with whom were *Paul J. Driscoll* and, on the brief, *Charles W. Jewett,* for the appellee (plaintiff).

JENNINGS, J.  The plaintiff was injured in an automobile accident and had a verdict of $20,000. The defendants appealed on the ground of a variance between pleadings and proof and from the denial of their motion to set aside the verdict as excessive.

The finding consists almost entirely of rulings on evidence.  The complaint alleged that the plaintiff was injured in an automobile accident on February 2, 1950, and that as a result he "was knocked back against the back of the front seat, dazed, jolted and was severely and permanently injured, receiving a ruptured 4th lumbar intervertebral disc and other serious low back injury, and a severe and permanent injury to his entire nervous system and the muscles of his back and legs."  The complaint went on to allege the plaintiff's pain and suffering, interference with his employment, an operation on November 2, 1950, for the removal of a ruptured and protruded disc in the fourth lumbar interspace, loss of wages and medical and hospital bills. It concluded: "[The plaintiff] will in the future lose a large sum for

wages and be required to expend further large sums for medical and doctors bills."

It appears from the finding that the trial started November 15, 1951. On the first day the plaintiff and his doctor testified without objection to the operation in the fall of 1950 and to a second disc operation in July, 1951. On the following day the plaintiff's wife testified with reference to his continued pain after the first operation. When she was questioned about the second operation she was interrupted by the defendants' objection that the second operation was not mentioned in the complaint. From the colloquy that ensued it appears that on June 18, 1951, the plaintiff's attorney wrote the defendants' attorney that the plaintiff's doctor feared "it will be necessary to remove a second ruptured disc from his spine, and therefore it will be impossible to consider settlement in December, until the second operation is completed." It thus appears that the claim of variance is a purely technical one based on the lack of a formal pleading. The letter fairly put the defendants on notice as to the probability of a second operation. The evidence disclosed that the second operation was in part for the removal of another portion of the same intervertebral disc as that which had been partially removed in the first operation. This was the fourth lumbar disc, the very one which the complaint alleged had been injured. It should be observed in passing that the claim of variance does not relate to the plaintiff's cause of action but only to the injuries ensuing. The cases cited by the defendants, with one exception, deal with a variance between the cause of action alleged and that proved. *Winsor* v. *Hawkins,* 130 Conn. 669, 37 A.2d 222, turned on the questions of waiver and an immaterial variance.

We recently had occasion to examine this question in the case of *Varley* v. *Motyl,* 139 Conn. 128, 90 A.2d 869. The issue was not identical but the facts were strangely similar. There was, as in this case, a comparatively slight collision with unexpectedly serious results. The allegation of the complaint in the *Varley* case was that the accident affected and injured the plaintiff's heart and the question was whether this permitted proof of an aggravation of a pre-existing heart condition. The test was stated to be: Does the allegation give sufficient notice of the type of injury which would be claimed? The question was answered in the affirmative (p. 135) and controls the case at bar. As was well said by the plaintiff in argument, it is not necessary that a complaint state every remedial medical step taken. We hold that the allegations of the complaint were broad enough to cover damages for the second operation. This disposes of the rulings on evidence set up in the finding, all of which related to this claim. It is not necessary to consider the question of waiver.

In support of their assignment of error that the denial of their motion to set aside the verdict was unjustified, the defendants have filed an appendix, as provided for by Practice Book, § 447. Section 448 describes the method of stating the evidence.[1] The

---

[1] "[Practice Book] Sec. 448. HOW EVIDENCE IS TO BE STATED IN APPENDICES. Wherever possible, evidence should be stated in narrative form. If either party disagrees with such a statement made by the other, he should so state in his brief and print in the appendix any evidence on which he relies to support his contention. Unnecessary and repetitious printing of testimony is to be avoided and arguments and colloquies of counsel should be omitted. Wherever it is possible, counsel should agree upon a joint appendix which the appellant shall print at his expense in connection with his brief; and if this is done the parties shall file with the clerk of this court in the county where the case was tried a stipulation so stating.

"The testimony printed in the appendices will be deemed to embrace

rules speak for themselves. A preliminary question is whether the appendix, partly in narrative form and partly in question and answer form, is sufficient to enable us to decide the issue.

Prior to the passage of these rules, the customary method of testing the validity of the verdict when it was claimed to be excessive was to print all of the evidence relating to damages in question and answer form. *Green* v. *Brown*, 100 Conn. 274, 277, 123 A. 435; Maltbie, Conn. App. Proc., § 115. Indeed, it is possible that appellees would be better protected by this method of presenting this difficult and rather peculiar issue. The use of the narrative form was not entirely excluded. *Hickey* v. *New York, N. H. & H. R. Co.*, 83 Conn. 713, 714, 78 A. 655; *Farrington* v. *Cheponis*, 84 Conn. 1, 4, 78 A. 652; *Dick* v. *Colonial Trust Co.*, 88 Conn. 93, 98, 89 A. 907; *Green* v. *Brown*, supra. It was even commended. *Katz* v. *Cohn*, 122 Conn. 338, 339, 189 A. 594; see Berry, "Appeals from Jury Verdicts," 15 Conn. B. J. 83, 96-98. In the absence of a rule, it was necessary that such a narrative statement be agreed to by the parties and approved by the court. Maltbie, op. cit., p. 156. Under the new rules the approval of the court is not available because the appeal is out of its hands when the appendix is prepared. Section 448 allows the opposing party, if he disagrees, to print such evidence as he deems necessary to support his claim.

The new rules were not without other precedent. The federal rules furnish a close analogy. Federal Rules of Civil Procedure, Rule 75(c); 3 Moore,

---

all testimony produced at the trial material to the issues on the appeal, although this court may, if sufficient cause appears, consult the transcript of evidence on file to supplement or explain that printed."

Federal Practice, pp. 3402, 3405; 19 Hughes, Federal Practice, § 27289 et seq.; *In re Windsor Square Development, Inc.,* 91 F.2d 493, 496. The following cases were decided under different statutes and rules but illustrate various aspects of the practice. Statement held sufficient: *Trieseler* v. *Helmbacher,* 350 Mo. 807, 809, 168 S.W.2d 1030; *Starmer* v. *Mid-West Chevrolet Corporation,* 175 Okla. 160, 162, 51 P.2d 786; *Seibold* v. *Muskogee,* 155 Okla. 81, 83, 8 P.2d 35; *Johnson* v. *Commonwealth Building & Loan Assn.,* 182 Ark. 226, 230, 31 S.W.2d 136; *Mahmet* v. *American Radiator Co.,* 294 S.W. 1014 (Mo.). Filing a printed transcript of testimony does not conform to a rule requiring a concise statement of facts: *Casey* v. *East Carolina Ry.,* 198 N. C. 432, 433, 152 S.E. 38; *Dondore* v. *Rohner,* 224 Iowa 1, 3, 275 N.W. 886; *Cornell-Andrews Smelting Co.* v. *Boston & P. R. Corporation,* 215 Mass. 381, 387, 102 N.E. 625; see *New Haven Water Co.* v. *Wallingford,* 72 Conn. 293, 301, 44 A. 235.

Examined against this background, the defendants' appendix seems reasonably adequate in form to present the facts relevant to the issue. The combination of narrative and evidence by question and answer is somewhat confusing owing to our long experience in reading evidence. The basic purpose of the new rules is to save time and money for litigants and the court. See *Katz* v. *Cohn,* supra. The appendix is adapted to secure the desired result.[1] The practice is new and not too familiar to counsel. We deem this sufficient cause to consult the transcript of evidence to ascertain whether the appendix contains the substance of all of the evidence on damages. Practice Book § 448. This is primarily

---

[1] Mr. Berry quotes some interesting examples of statements in 15 Conn. B. J. 94.

the duty of the opposing party, but in the interest of ending the litigation it has seemed advisable for us to take this step. *Cotten* v. *Perishable Air Conditioners,* 110 P.2d 1010, 1012 (Cal. Dist. Ct. App.). Counsel should be alert to see that the record is complete, and our action in the case at bar is no license to appellees to rely on our reading the transcript in every case. The check we made shows that there was ample evidence of loss of future wages, a matter referred to in the memorandum of decision, quoted below, but omitted from the appendix.

"The principle determinative of the defendant's claim that the verdict is excessive is well stated in *Amellin* v. *Leone,* 114 Conn. 478, 479, 159 A. 293: 'The concurrence of twelve men composing the jury, especially when their conclusion is supported by the presiding judge, all of whom have had the opportunity of seeing and hearing the witnesses, comes to this court with weighty considerations in its favor, and should and will not be disturbed unless it clearly appears that the action of the jury was unreasonable or motivated by improper considerations or that the presiding judge has exceeded his discretionary control over the verdict.'" *Zullo* v. *Zullo,* 138 Conn. 712, 714, 89 A.2d 216. A full and recent review of the principles and authorities bearing on this perennial problem will be found in *Slabinski* v. *Dix,* 138 Conn. 625, 628, 88 A.2d 115. In applying these rules to the facts of the case at bar, the trial court said in the memorandum of decision: "Without going into the various details of pain and suffering, hospitalization, wearing of a brace, the operations and preliminary tests, and other items which the jury had before it, the plaintiff's proof of special damage was slightly over $4000. In addition, evidence was offered that the plaintiff, with an expectancy of 31.78 years, has

a permanent disability in his back which will prevent him from engaging in his own occupation as a baker or from doing heavy work of any type, and will restrict him to doing light work in the future. The plaintiff claimed on the evidence offered a loss of some $23,000 in earning capacity alone for the indicated expectancy period. The Court cannot substitute its own judgment upon the facts for that of the jury and the amount awarded is not so unreasonable as to call for interference by the Court."

As stated above, a verdict concurred in by judge and jury comes before us with weighty considerations in its favor. We cannot hold that the trial judge abused his discretion in refusing to set it aside as excessive. The lack of cases cited by the defendants is not without significance.

There is no error.

In this opinion INGLIS and ROBERTS, Js., concurred.

BALDWIN, J. (concurring). I concur in the result reached in the opinion. The complaint alleged an operation performed on November 2, 1950, but made no mention of any other. It went on to recite that the plaintiff "will in the future lose a large sum for wages and be required to expend further large sums for medical and doctors bills." The opinion holds that "the allegations of the complaint were broad enough to cover damages for the second operation." With this statement I cannot agree. "[W]here the damages are special the matter must be distinctly averred in the declaration in order to apprise the defendant of the nature of the claim." *Tomlinson* v. *Derby,* 43 Conn. 562, 567. When evidence of the second operation was first offered and gone into at considerable length, the defendants were privileged to object to its admission. Having failed to do so,

they waived their right to raise an objection on the following day when additional evidence of the second operation was being presented. The matter of variance, then, should be disposed of on the ground of waiver rather than, as the opinion holds, by determining that the variance was immaterial.

In this opinion O'SULLIVAN, J., concurred.